Filed 5/26/15  P. v. Pacheco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C076989 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF122028) |
| v. | |
| FRANCISCO Y. PACHECO, | |
| Defendant and Appellant. | |

Defendant Francisco Y. Pacheco was charged with cultivating marijuana and being armed with a firearm in the commission of the offense.

Defendant initially pled no contest to cultivating marijuana.  The trial court conditionally accepted the plea on the promise that defendant would be placed on probation, including 60 days served in county jail.  The People moved to dismiss the arming allegation as part of the plea agreement.  The trial court took the matter under submission to be ruled on at the time of sentencing.

1

Subsequently, on petition for writ of habeas corpus, the trial court permitted defendant to withdraw the plea because he had been inadequately advised of immigration consequences. The matter proceeded to jury trial.

The trial evidence showed that in August 2012, a Yuba City police officer found defendant tending a marijuana grow. Defendant admitted he was being paid to take care of the plants. He did not have a medical marijuana recommendation, but recommendations for five other persons were displayed at the site. All but one had a Southern California address, and defendant said he did not know some of them.

In September 2012, the officer returned with a search warrant. Defendant was sleeping at the campsite and his vehicle was parked nearby. A loaded .22-caliber rifle was leaning against a tree about 15 yards from defendant's tent, and a case containing a loaded .380-caliber semiautomatic handgun was found in defendant's vehicle. Four hundred forty-two marijuana plants were growing on the site, and approximately 442 grams of processed marijuana buds were found near the makeshift kitchen. The people whose medical marijuana recommendations were posted at the site denied knowledge of the site or defendant.

Defendant testified he had been told by the site organizers and by the police that the arrangement was legal.

The jury found defendant guilty and found the arming allegation true.

The trial court granted defendant three years of formal probation, including 305 days in county jail with credit for time served. The court imposed a $300 restitution fine and a suspended restitution fine in the same amount pending completion of probation, a $40 court operations fee, a $30 conviction assessment, and a $20 monthly probation supervision fee.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979)

2

25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

We remand the matter to the trial court, however, with directions to order the preparation of an amended judgment and order granting probation which breaks down the $40 court operations fee and the $30 conviction assessment separately and specifies the statutes under which they are imposed, rather than lumping them together as $70 for "Court Security Fees/Conviction Assessments" without specifying the applicable statutes.

### DISPOSITION

The judgment is affirmed.  The matter is remanded to the trial court with directions to order the preparation of an amended judgment and order granting probation.


                                                                                _____ROBIE_____, Acting P. J.



We concur:



_____MAURO_____, J.



_____HOCH_____, J.

3